The document below is hereby signed.

Signed: January 4, 2018



_S. Martin Teel, Jr._
_S. Martin Teel, Jr._
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| QUIVUS SYSTEMS, LLC, | ) | Case No. 17-00119 |
| | ) | (Chapter 7) |
| | ) | Not for publication in |
| Debtor. | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER
RE (1) MOTION FOR RELIEF FROM THE AUTOMATIC STAY
TO PURSUE SOROOF INTERNATIONAL, INC. IN THE CHANCERY
COURT OF THE STATE OF DELAWARE AND (2) THE EFFECT OF THE
AUTOMATIC STAY ON A PENDING FEDERAL DISTRICT COURT CIVIL ACTION

John Harrison seeks relief from the automatic stay to amend a complaint in a pending action against the debtor, Quivus Systems, LLC ("Quivus Systems") in the Chancery Court of the State of Delaware, to assert claims against Soroof International, Inc. ("Soroof"), contending that for two distinct reasons Soroof is liable for advancement debts the debtor owes Harrison for litigation fees incurred by Harrison in a civil action pending in the Superior Court of the District of Columbia, _Soroof International, Inc., et al. v. Quivus Holdings, LLC_, et al., Case No. 2015 CA 004994 B. The two justifications Harrison presents in his motion are: (1) that the debtor's advancement obligation

passed to Soroof, as the purchaser of the debtor's claims against him, and (2) that Soroof is an alter ego of the debtor and can be held liable for the advancement obligation owed to him by the debtor on that basis.

I

In a prior order, this court approved the chapter 7 trustee's sale to Soroof of the debtor's claims against Harrison in the Superior Court civil action.  Harrison contends in his motion that the debtor's advancement obligation passed to Soroof as the purchaser of the debtor's claims against him and on that basis the automatic stay should be lifted to permit him to amend the Chancery Court complaint so he can pursue collection of the advancement debt from Soroof.  However, as Harrison's counsel conceded at the hearing on the motion for relief from the automatic stay, the pending motion in the Chancery Court for leave to amend the complaint did not seek to assert a claim against Soroof on that basis.  Accordingly, the motion for relief from the automatic stay did not address pursuit of a claim of that nature against Soroof (if the automatic stay applies to pursuit of such a claim, which seems doubtful).  Thus, the automatic stay will not be lifted to allow Harrison to move to amend the Chancery Court complaint to pursue his claim against Soroof on the basis of Soroof's status as purchaser of the debtor's claims against Harrison in the Superior Court.

II

Harrison's motion to amend the complaint in the pending Chancery Court action against the debtor to assert claims against Soroof is only based on the theory that Soroof is the alter ego of Quivus Systems.  The claims rest on the assertion that as an alter ego of the debtor, Soroof is liable for advancement debts the debtor owes Harrison for Harrison's litigation fees incurred in the District of Columbia Superior Court civil action.

Soroof and the debtor oppose Harrison's motion on the basis that such an alter ego claim is property of the bankruptcy estate that only the chapter 7 trustee has standing to pursue.  Harrison responds that the alter ego claim is not property of the bankruptcy estate.  However, there is a preliminary issue that moots the necessity of adjudicating that defense to the motion.

In his motion, Harrison seeks relief from the automatic stay in order to amend his complaint in the Delaware Chancery Court to assert a claim against Soroof for advancement of legal fees on the theory that Soroof is the alter ego of Quivus Systems. However, there is already another civil action, pending in the United States District Court for the District of Delaware, in which Harrison asserts the same claim against Soroof. Specifically, days after the commencement of this bankruptcy case, Harrison sued Soroof separately in an independent civil action in the same Delaware Chancery Court, and Soroof removed

that civil action to the United States District Court for the District of Delaware.  *See Harrison v. Soroof Int'l, Inc.*, C.A. No. 1:17-cv-00473-CJB (D.Del.).

Soroof contends that Harrison is attempting to litigate the same issue in two different jurisdictions: the Chancery Court and the District Court for the District of Delaware.  Soroof contends that it ought not be confronted with being sued on the same claim in two different jurisdictions and on that basis this court should not lift the automatic stay to allow Harrison to amend his complaint in the Chancery Court to assert the same claim he is already pursuing against it in the District Court for the District of Delaware (in the removed civil action that Harrison commenced).  Harrison has not convinced me that it makes sense to subject Soroof to being sued a second time on the same claim by permitting the amendment of the Chancery Court complaint to add the alter ego claim against Soroof.[1]  Accordingly, I will deny the motion for relief from the automatic stay on that basis.

---

[1] If the complaint in the Chancery Court were amended to add Soroof as a defendant, Soroof might attempt to remove the civil action to the District Court for the District of Delaware. If it is entitled to do so, and if it did remove the civil action, it would not make sense to have the same claim being pursued against Soroof in two different civil actions in the District Court.  I need not address whether the Chancery Court action could, in fact, be removed by Soroof or whether Harrison is correct in arguing that 28 U.S.C. § 1446(e) would bar removal (because the Chancery Court action has been pending for longer than a year), or whether removal would be otherwise barred.

III

If, as the debtor and Soroof contend, the alter ego claim *is* property of the bankruptcy estate, Harrison's act, after the debtor filed its bankruptcy petition, of filing the civil action against Soroof was barred by the automatic stay pursuant to 11 U.S.C. § 362(a)(3), which bars any act to exercise control over property of the estate.  If the alter ego claim is *not* property of the bankruptcy estate, there has been no violation of the automatic stay.  The District Court for the District of Delaware has authority to decide whether the automatic stay applies to Harrison's claim against Soroof.  Accordingly, that District Court has authority to decide whether the alter ego claim is property of the bankruptcy estate, and all of the parties are agreeable to the District Court's deciding that issue.[2]

---

[2] The issue of whether the alter ego claim is property of the bankruptcy estate was raised by Soroof in a motion to dismiss filed in the District Court for the District of Delaware. Harrison has not briefed that issue in this court, but he provided this court with the motion and brief by Soroof, the opposition brief, and the reply brief on December 21, 2017. *See* Dkt. No. 55.  No motion is pending seeking relief from the stay to pursue the civil action against Soroof in the District Court for the District of Delaware.  Moreover, I have been able to dispose of the instant motion for relief from the automatic stay without needing to reach that issue.  However, now that Harrison has filed the parties' briefs on that issue, I reserve the right to address whether the alter ego claims are property of the estate as an issue bearing on the instant motion for relief from the automatic stay: if the alter ego claims are *not* property of the estate, then that would furnish a basis for dismissing the motion as unnecessary.

5

If the alter ego claim is property of the bankruptcy estate, Harrison's filing of the civil action against Soroof on the basis of the alter ego claim violated the automatic stay and the filing of the civil action was void (unless the automatic stay is later annulled). The District Court is permitted in the civil action by Harrison against Soroof to adjudicate the issue of whether the automatic stay applies to the alter ego claim. If the alter ego claim is property of the estate, the trustee opposes annulment of the automatic stay at this juncture to permit Harrison to pursue the District Court civil action. (The trustee wishes to pursue a possible sale of any such claims if they are property of the estate.) Any annulment would have to await a motion by Harrison in this court to annul the automatic stay.

IV

In accordance with the foregoing, it is

ORDERED that *the Consent Motion of John Harrison for Relief from Stay under 11 U.S.C. § 362(d)(1)* (Dkt. No. 47) is DENIED. It is further

ORDERED that the United States District Court for the District of Delaware, in the civil action by John Harrison against Soroof International, Inc. (*Harrison v. Soroof International, Inc.*, No. 1:17-cv-00473-CJB), has authority to decide whether the automatic stay applies to that civil action, including determining whether the claims asserted against Soroof

International, Inc. (resting on the alleged basis that Soroof International, Inc. is the alter ego of the debtor, Quivus Systems, LLC) are property of the bankruptcy estate, but if the automatic stay barred commencement of that civil action then this order does not lift the automatic stay of 11 U.S.C. § 362(a)(3) to annul the automatic stay with respect to the commencement of that pending civil action.

[Signed and dated above.]

Copies to: Recipients of e-notification of filings; Office of the United States Trustee.